UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRAD TOPHAM,**

       **Plaintiff,**　　　　　　　**CIVIL ACTION NO. 09-CV-10577-DT**

vs.

　　　　　　　　　　　　　　　　**DISTRICT JUDGE DAVID M. LAWSON**

**MICHIGAN DEPARTMENT OF**　**MAGISTRATE JUDGE MONA K. MAJZOUB**
**CORRECTIONS, TERRY MALLORY,**
**CORRECTIONAL MEDICAL SERVICES,**
**DOCTOR WAZIENSKI, DOCTOR MALIK,**
**HOWARD TYREE, DAVOL, INC., and**
**C.R. BARD, INC.,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**　**RECOMMENDATION:**　This Court recommends that the Defendant Michigan Department of Corrections be **DISMISSED** from this lawsuit with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) on the basis of Eleventh Amendment immunity.

This Court further recommends that the claims filed against Correctional Medical Services based on vicarious liability and supervisory liability, and the claims filed against Davol, Inc. and C.R. Bard, Inc. be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) for failure to state claims upon which relief may be granted.

This Court further recommends that the municipal liability claims filed against Correctional Medical Services and the claims filed against Defendants Mallory, Wazienski, Malik, and Tyree be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) because the Plaintiff has failed to state claims upon which relief may be granted.

**II.    REPORT:**

This matter is before the Court on the Court's duty to screen prisoner civil rights complaints, 28 U.S.C. § 1915A, and the Court's duty to review complaints filed *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff is incarcerated in the Saginaw Correctional Facility in Freeland, Michigan. (Docket no. 1). On February 17, 2009, Plaintiff filed a *pro se* civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and state law. (Docket no. 1). The named Defendants in the complaint are the Michigan Department of Corrections ("MDOC"); Terry Mallory, the Regional Health Care Administrator for the Department of Corrections; Correctional Medical Services ("CMS"); Dr. Wazienski, a surgeon; Dr. Malik, a physician at Saginaw Correctional Facility; Howard Tyree, a physician's assistant at Saginaw Correctional Facility; and C.R. Bard, Inc., and its subsidiary Davol, Inc., the alleged suppliers of defective medical equipment. (Docket no. 1). The district court granted Plaintiff's application for leave to proceed without prepayment of the filing fee. (Docket no. 3). All pretrial matters have been referred to the undersigned magistrate judge for action. (Docket no. 4).

Pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), the district court must dismiss a complaint, or any portion thereof, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.

*A.    Facts*

Plaintiff alleges that the Defendants violated his constitutional right to be free from cruel and unusual punishment by failing to provide appropriate medical treatment and pain relief for his hernia-related condition. Plaintiff underwent a double hernia operation at Dwayne Waters Hospital

on November 15, 2007. Defendant Dr. Wazienski performed the surgery. Following the surgery, Plaintiff continued to experience severe pain. In May, 2008, Plaintiff complained that it felt as if the hernias had ruptured. Defendant Howard Tyree examined the Plaintiff and concluded that the hernias had not ruptured.

Plaintiff alleges that he was examined by a local surgeon on June 27, 2008, who concluded that the hernias had "broken through mesh screens" and ruptured. Plaintiff contends that the local surgeon performed corrective surgery to repair the ruptured hernias. Plaintiff further contends that during the corrective surgery, the local surgeon did not find mesh screens in the Plaintiff's body, but instead found two "huge holes" where the hernias had been repaired. Plaintiff asserts that although he continued to complain of pain following the second surgery, Defendant Dr. Malik refused to refill his prescription pain medication, and refused to refer him back to the local surgeon for treatment.

Plaintiff avers that he suffered permanent nerve damage and pain as a result of the botched surgical procedure performed by Defendant Wazienski. Plaintiff also contends that Defendant Tyree misdiagnosed his condition. Plaintiff further asserts that the surgical mesh used in the first surgery was defective and was later re-called by Defendant Davol, Inc.

Plaintiff sues Defendants Wazienski, Malik, and Tyree for monetary damages in excess of $75,000, asserting claims under state and federal law for gross negligence and deliberate indifference to Plaintiff's serious medical needs. In addition, Plaintiff sues MDOC, CMS, Terry Mallory, Davol, Inc., and C. R. Bard, Inc., for compensatory damages under theories of vicarious liability and municipal or supervisory liability.

*C. Analysis*

In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the Constitution or a federal law has been violated, and that the violation was caused by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff asserts a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. To establish an Eighth Amendment violation, the Plaintiff must show that he suffered from a serious medical condition, and that the official being sued recklessly disregarded a known substantial risk to the Plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). This Court accepts Plaintiff's assertion that ruptured hernias constitute a serious medical condition.

*1. MDOC*

Plaintiff alleges that MDOC is liable for compensatory damages under 42 U.S.C. § 1983 for the tortious conduct of Defendants Wazienski, Malik, and Tyree. The Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity and consented to suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The State of Michigan has not consented to § 1983 civil rights lawsuits filed in federal court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citation omitted). Neither has Congress abrogated state sovereign immunity in civil rights actions. *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Consequently, the complaint against MDOC should be **DISMISSED** with prejudice.

*2. CMS, Davol, Inc., and C.R. Bard, Inc.*

Plaintiff alleges that CMS, Davol, Inc., and C.R. Bard, Inc. are liable for the negligent and deliberately indifferent acts and omissions of Defendants Wazienski, Malik, and Tyree. Plaintiff also asserts that the Defendants are subject to municipal and supervisory liability.

Plaintiff fails to allege that Defendants Davol, Inc. and C.R. Bard, Inc. are state actors who acted under color of state law when they allegedly distributed defective surgical devices used in Plaintiff's surgery. For this reason, Defendants Davol, Inc. and C.R. Bard, Inc. are not proper parties to this action and Plaintiff's claims against them should be **DISMISSED** with prejudice.

CMS is a proper defendant in this action and may be subject to suit under § 1983. *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993). Corporations, whether public or private, cannot be held liable under § 1983 on a respondeat superior or vicarious liability basis. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996); *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) ("Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. . . . Liability under this theory must be based upon more than a mere right to control employees and cannot be based upon simple negligence."). Therefore, to establish § 1983 liability, Plaintiff must show that CMS implemented a policy, custom, or practice that caused a deprivation of the Plaintiff's Eighth Amendment rights. *Starcher v. Corr. Med. Sys., Inc.*, 7 Fed.Appx. 459, 465 (6th Cir. 2001); *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363-64 (6th Cir.1993) (a plaintiff must identify the policy, connect the policy to the defendant and show that the particular injury was caused because of the execution of that policy). Plaintiff does not identify a specific policy or procedure implemented by CMS that caused such a deprivation. Consequently, the Plaintiff's claims against CMS for vicarious liability and supervisory liability should be **DISMISSED** with prejudice for failure to state claims upon which relief can be granted. Furthermore, because the statute of limitations has not run on Plaintiff's cause of action, his claims against CMS for municipal liability should be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

*3. Terry Mallory, Dr. Wazienski, Dr. Malik, and Howard Tyree*

Plaintiff asserts that the Defendants showed gross negligence and deliberate indifference to the Plaintiff's serious medical needs constituting cruel and unusual punishment while acting within the scope of their employment. The Eleventh Amendment bars suits for money damages against state employees sued in their official capacity. *Johnson v. Unknown Dellatifa*, 357 F.3d at 545. To the extent the Plaintiff seeks damages from the Defendants for violations of § 1983 which occurred while the Defendants were acting in their official capacity, those claims are barred by the Eleventh Amendment and should be **DISMISSED** from this lawsuit.

A defendant cannot be held liable under § 1983 absent a showing that he was personally involved in, or otherwise authorized, the alleged unconstitutional conduct. *See e.g. Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Additionally, Plaintiff must show that the Defendants possessed a sufficiently culpable state of mind. *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005). Mere negligence alone is not enough to subject prison officials to liability. *Farmer v. Brennan*, 511 U.S. at 835. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The complaint names Defendant Mallory as the Regional Health Care Administrator. Materials attached to the complaint show that a sixty day supply of pain medication was ordered by a specialist on behalf of the Plaintiff on October 23, 2008. The order was set to expire on December 23, 2008. Materials attached to the complaint further show that the Regional Medical Officer ordered the pain medication to be titrated and discontinued by December 23, 2008. Considering the facts in the light most favorable to the Plaintiff, this Court will assume that Defendant Mallory is

the Regional Medical Officer who ordered the titration and discontinuation of the pain medication.

The denial of prescription pain medication to a prisoner may form the basis for an Eighth Amendment violation. *Johnson v. Hardin County, Ky.*, 908 F.2d 1280, 1284 (6th Cir. 1990). Defendant Mallory did not deny Plaintiff pain medication, but merely authorized its discontinuation in accordance with the sixty day order. Plaintiff made no showing that Defendant Mallory was in any other way personally involved in the medical care or treatment of the Plaintiff. Even if this tenuous connection to the Plaintiff could form the basis for an Eighth Amendment violation, Plaintiff made no showing that Defendant Mallory was aware that her actions could create a substantial risk of harm to the Plaintiff. Plaintiffs allegations against Defendant Mallory do not rise to the level of an Eighth Amendment violation.

Plaintiff claims that Defendant Wazienski performed a failed hernia repair. Plaintiff also contends that Defendant Tyree misdiagnosed the Plaintiff's condition. Allegations of misdiagnosis, negligence, and malpractice are not sufficient to establish deliberate indifference under 42 U.S.C. § 1983. *Comstack v. McCrary*, 273 F.3d at 703. A liberal reading of the facts infers that Defendant Wazienski used defective mesh screens during the surgical procedure. Nonetheless, there was no showing that Defendant Wazienski was aware that the screens were defective or that the Defendant was aware that a substantial risk of harm could be caused to the Plaintiff if the mesh screens were used in the operation. Plaintiff's allegations against Defendant Wazienski do not rise to the level of a constitutional violation.

Last, Plaintiff alleges that Defendant Malik declined to renew Plaintiff's prescription for pain medication and did not refer the Plaintiff to a specialist. Materials attached to the complaint indicate that Defendant Malik believed a C.A.T.scan was required in order to diagnose nerve damage. The

7

required test was scheduled for December 15, 2008, but was cancelled when the Plaintiff refused to go. Plaintiff's failure to present himself for the C.A.T. scan necessitated the rescheduling of appointments and caused a delay in his medical treatment. A physician's medical judgment to require diagnostic testing before referring a prisoner for additional follow up appointments is not tantamount to a constitutional violation.

In regard to Plaintiff's pain medication, the sixty day supply of pain medication expired on December 23, 2008, and was renewed on December 30, 2008. Although the Plaintiff believes that Defendant Malik should have ordered pain medication, because Plaintiff refused to undergo necessary medical testing to aid in his diagnosis and treatment, Defendant Malik did not violate the Plaintiff's Eighth Amendment right by permitting the prescription pain medication to expire as ordered. Disagreement over the course of medical treatment does not raise a colorable claim under § 1983. *Estelle v. Gamble,* 429 U.S. at 107. This is true even if a physician's negligence or misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The complaint and documents attached to the complaint reveal that Plaintiff was regularly evaluated, underwent testing, and received treatment for his medical condition. While Plaintiff may disagree with the course of treatment provided, he has not alleged facts to show that the Defendants acted unconstitutionally. Accordingly, the complaint against Defendants Mallory, Wazienski, Malik, and Tyree should be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

*D. Recommended Disposition*

Having conducted the required screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this Court recommends that this action be dismissed with prejudice against Defendants MDOC, Davol, Inc., and C.R. Bard, Inc. This Court further recommends that the vicarious liability and supervisory liability claims against CMS be dismissed with prejudice. Further, because the statute of limitations has not run on Plaintiff's claims, this Court recommends that the municipal liability action against CMS, and the claims filed against Defendants Mallory, Wazienski, Malik, and Tyree be dismissed without prejudice.

### III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten (10) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

9

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 24, 2009                    s/Mona K. Majzoub
                                                               MONA K. MAJZOUB
                                                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated:
                                                               Courtroom Deputy